**STRAWSER v. NORFOLK & W. RY. CO.**

Circuit Court of Appeals, Sixth Circuit.
February 17, 1928.

No. 4752.

Master and servant ⚖➩332(1)—Negligence of railroad employee in operating crane, resulting in injury to employee of bridge contractor, and contributory negligence of plaintiff, held for jury.

Negligence of railroad employee in operating crane used in rebuilding highway bridge, resulting in injury to bridge contractor's employee, who had been sent under crane to release gears, and contributory negligence of plaintiff, *held* for jury under evidence.

2. Master and servant ⚖➩330(1)—Where issue is whether defendant's general servant had become servant of independent contractor, defendant should show full particulars.

Where issue is whether defendant's general servant had become the servant of an independent contractor, defendant should show the full particulars of the situation, so that the court may judge whose servant he was.

In Error to the District Court of the United States for the Southern District of Ohio; Benson W. Hough, Judge.

Action by Roy Strawser against the Norfolk & Western Railway Company. Judgment for defendant, and plaintiff brings error. Reversed.

Ellis R. Diehm, of Cleveland, Ohio (Bernsteen & Bernsteen, Klein, Harris & Diehm, and M. L. Bernsteen, all of Cleveland, Ohio, on the brief), for plaintiff in error.

James I. Boulger, of Columbus, Ohio (Henry Bannon, of Portsmouth, Ohio, on the brief), for defendant in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. The court below directed a verdict against Strawser in his action against the railway to recover for injuries received by him. The jurisdiction rested on diverse citizenship. A highway bridge was being rebuilt, and the work, according to plans and specifications, had been let out by the railroad to a contractor. Strawser was an employee of this contractor. It was necessary to take down the stone abutments of the old bridge, and in this work there was in use a crane car belonging to the railroad. The crane was managed and operated by one Petit, an experienced operator, who was generally in the employ of the railroad. The proofs tended to show that this particular work on this day was covered by his pay roll credit with the railroad.

[1, 2] The record is very incomplete as to how and why the railroad crane was being used to do the contractor's work, if it was. Since the injury was inflicted by defendant's instrumentality, in charge of defendant's servant, defendant should have shown exactly what the relationship was. The contract states that the work was to be done according to the advertisement, proposal, and plans which had preceded it; but no one of these essential parts of the contract is to be found in the record, or seems to have been put in evidence. It is consistent with the record to suppose that under the contract it was the duty of the railroad to furnish this crane and that its work was not part of the contractor's duty. It is consistent also to infer that the relationship was the same as that which existed in the Standard Oil-Anderson Case, 212 U. S. 215, 29 S. Ct. 252, 53 L. Ed. 480. Hence it was not permissible to conclude, as matter of law, that Petit was in this matter the servant of the contractor. When all the facts

appear, they may or may not lead to that result; on this record, the natural inference that Petit was in the railway service is not conclusively overcome.

The evidence tended to show negligence by Petit, and did not conclusively establish contributory negligence by plaintiff. The car was self-propellable through a system of gears. When "in gear" the wheels would not turn, and when it was desired to move the car's position by pushing or pulling, it was necessary to go under the car and disconnect the gears, using some force. The car was not provided with effective brakes; but, if in gear, it needed none. On this occasion the car stood on a slight incline to the north; Petit sent plaintiff under the car to disconnect the gears; the wheels were not blocked or chocked on the north to hold them from rolling, except that a board less than an inch thick had been used for that purpose. When the gears were loosed, the car started down hill; the board blocking did not hold it; Petit could not stop it; and plaintiff was hurt. Petit, in advance, knew and appreciated the danger; he looked for heavier blocking to use, but not finding any, concluded it was safe as it was, and so told plaintiff. His conduct was open to jury condemnation as negligent. It does not appear that plaintiff knew that there were no ordinary brakes; he was assured that, in Petit's opinion, the blocking was sufficient; and from his position under the car he could not see the blocking boards, so as to use his own judgment. Of course, we have stated the facts and inferences according to the strongest aspect of the testimony in plaintiff's favor. There is much dispute as to the proper inferences.

The judgment is reversed.